IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re CONSOLIDATED CAPITAL CONSULTANTS LITIGATION, | ) ) ) ) ) Case No. 00-1290-KI ) ) OPINION AND ORDER ) ) |

KING, Judge:

Before the court is Willis of Oregon, Inc.'s ("Willis") Motion to Enforce Final Judgment and Settlement Agreements (#2220).

## DISCUSSION

The matter before me requires interpretation of the Final Judgment and Order Approving Settlements, Allowing Interim Distribution of Funds, Issuing Claims Bar Order and Granting Injunctive Relief ("Bar Order"), as well as the associated Settlement Agreements.

Coral Construction Company ("Coral") is suing Fidelity and Deposit Company of Maryland ("Fidelity") in state court to recover on Coral's ERISA bond for its losses from Capital Consultants, LLC ("CCL") investments. Fidelity contends that the bond does not cover the loss. Coral alleges an alternative claim that Willis did not procure the appropriate ERISA bond for Coral from Fidelity. Willis moved to transfer Coral's claims to mandatory arbitration. Willis argues that if Coral's recovery is limited to Willis' proportional share of fault, as required by the Bar Order, Coral cannot satisfy the $50,000 minimum to proceed without arbitration. Coral contends that the Bar Order does not apply. The state court matter is stayed pending my decision. Willis seeks a ruling that the terms of the Bar Order and the Settlement Agreements approved therein limit Coral to recovery against Willis of only its "pure proportional" degree of fault, if any, when compared to all other people or entities causing losses to Coral related to CCL.

The Bar Order states:

> 4. The Court hereby bars all claims against the Released Parties, as defined in the Settlement Agreements and against the settling parties in the class actions ("Settling Parties"), for indemnity, contribution, or any other claims concerning any of the Released Claims, as defined in the Settlement Agreements (said claims being referred to herein as the "Barred Claims").
>
> . . . .
>
> 9. Claimants are hereby enjoined from bringing any action in any forum that does not conform to the covenants of the Settlement Agreements, or this Order. Specifically, Claimants are enjoined from bringing any action in which they make claims that are inconsistent with the Provisions of Section 7.4 of any of the Settlement Agreements.

Rubin Decl. Ex. 3 at 3-4.

The Settlement Agreements generally contain the language:

> In any other actions against Non-Settling Parties which give rise to indemnity, contribution, or any other claims concerning any of the Released Claims against the Released Parties, Claimants shall only pursue such Non-Settling Parties not listed on Exhibit F, if at all, on a pure proportional basis.

Rubin Decl. Ex. 2 at 30, ¶ 8.1 (Wilshire Settlement Agreement).

No one contends that any of the language is ambiguous so I will only rely on the language itself and not on any extrinsic evidence of the intent of those who negotiated it.

Willis contends that it is a Non-Settling Party, Coral is a Claimant, and Coral's claims against Willis are premised on allegations concerning the Released Claims, which centered on CCL's alleged misconduct. Willis claims that it is barred from indemnity or contribution claims against settling defendants so damages against it should also be limited to its pure proportional fault.

Coral's argument is simple: it is suing Willis for Willis' own negligence in failing to procure the correct type of bond. Coral contends that this has nothing to do with the Released Claims, other than that the bond should have covered CCL's activities. To demonstrate this, Coral notes that it could allege the same claim against Willis for problems caused by a service provider other than CCL.

For the Bar Order to apply, there must be a claim for indemnity, contribution, or concerning any of the Released Claims against the Released Parties. There is no indemnity claim because there is no common duty between Willis and another that is mutually owed to Coral. Safeco Insurance Company of America v. Russell, 170 Or. App. 636, 639-40, 13 P.3d 519 (2000). Similarly, there is no contribution claim because there is no joint tortfeasor. Aetna Casualty & Surety Co. v. Oregon Health Sciences University, 96 Or. App. 292, 296-97, 73 P.2d

1320 (1989), aff'd, 310 Or. 61, 793 P.2d 320 (1990). Willis' liability, if it exists, is based on its relationship with Coral. Any other relationships Coral was involved in are not relevant to the issue. Finally, I also conclude that the allegations here are not within any reasonable interpretation of the catch-all phrase, "concerning any of the Released Claims against the Released Parties."

## CONCLUSION

Willis of Oregon, Inc.'s Motion to Enforce Final Judgment and Settlement Agreements (#2220) is denied.

IT IS SO ORDERED.

Dated this   9th   day of January, 2006.

                                         /s/ Garr M. King
                                         Garr M. King
                                           United States District Judge