IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Case No. 00-1290-KI ) |
| vs. | ) OPINION AND ORDER ) |
| CAPITAL CONSULTANTS, LLC, f/k/a CAPITAL CONSULTANTS, INC., JEFFREY L. GRAYSON and BARCLAY GRAYSON, | ) ) ) ) ) |
| Defendants. | ) ) |

Jeffrey R. Patterson
Allen Matkins Leck Gamble Mallory
& Natsis LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541

  Attorney for Receiver Thomas F. Lennon

Page 1 - OPINION AND ORDER

Robert B. Miller
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon  97204-2089

    Attorney for United Association Union Local No. 290

Christopher T. Carson
Kilmer, Voorhees & Laurick, P.C.
732 N.W. 19th Avenue
Portland, Oregon  97209

    Attorney for the Eighth District Electrical Pension Fund

KING, Judge:

The Receiver raises an issue regarding third-party recoveries received by certain CCL client-claimants ("Clients").  The issue is whether payments by Federal Insurance Company ("Federal") to four Clients constitute third-party recoveries under the Second Amended Distribution Plan ("Plan").  There is ongoing coverage litigation before the Honorable Ancer L. Haggerty, including <u>United Association Union Local No. 290 v. Federal Insurance Company</u>, CV07-1521-HA (D. Or.) (filed Oct. 12, 2007), and eight other similar actions.

On October 12, 2007, Federal delivered to the Clients' attorney checks totaling $2.74 million.  The cover letter stated, "These payments are tendered to the Principal Insureds by Federal Insurance Company pursuant to the terms of the Policies and my letter to you dated October 10, 2007. . . . Federal Insurance Company continues to reserve all of its rights under the Policies and applicable law."  In the cover letter, as well as in a letter of November 19, 2007 to the Clients' counsel, Federal confirmed that no accord and satisfaction or settlement was ever

Page 2 - OPINION AND ORDER

expressed or intended.  The referenced letter of October 10, 2007 was not furnished with the materials submitted by the parties.

The Clients assert that these payments should not be considered third-party recoveries under the Plan because Federal reserved its rights under its insurance policies.

The Receiver argues that there is nothing in the correspondence supporting the notion that Federal is making a claim for repayment of the October 12, 2007 payments.  Likewise, there is nothing in the Complaints and Answers filed in the cases pending before Judge Haggerty indicating that Federal intends to pursue a claim for repayment.  The Receiver argues that it is only a theoretical possibility that is so remote that it should not negate the proper reporting of the Federal payments as third-party recoveries.

## DISCUSSION

I acknowledge that there is authority which allows recovery of sums paid by an insurer under a reservation of rights if it is later determined that there was no coverage requiring payment under the policy.  Typically, the recovery is allowed because the insurer payed based on a mistake of fact, as in Admiral Insurance Company v. American National Savings Bank, 918 F. Supp. 150 (D. Md. 1996), or because of the insured's fraud, as in Sebastian v. Provident Life and Accident Insurance Company, 73 F. Supp.2d 521 (D. Md. 1999).  Recoveries have been allowed, however, when neither situation was present.  See Bancinsure, Inc. v. BNC National Bank, N.A., 263 F.3d 766 (8th Cir. 2001).

In response to requests, Federal has not clarified its position or in any way indicated that it intends to seek return of the payments if there is a determination of no coverage.  In the actions before Judge Haggerty, Federal has not alleged mistake of fact or fraud and has not alleged any

Page 3 - OPINION AND ORDER

counterclaims to recover the sums. Presumably, the counterclaim would be compulsory under Federal Rule of Civil Procedure 13(a)(1)(A): "A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Because Federal is aware of the issue, but has not taken stronger steps to recover the sums or even state its intent to attempt to do so, Federal would be subject to the equitable defenses of laches and estoppel. Although I have rarely allowed either defense, the facts here support a good argument to apply them.

There is a need to distribute the remaining funds and close the receivership. If I do not decide this issue now, a significant reserve would be required as well as a costly two-step distribution process. I conclude that the likelihood of Federal recovering the sums is so remote that the sums should be considered third-party recoveries.

## CONCLUSION

I conclude that the payments by Federal constitute third-party recoveries under the Plan and will be treated accordingly. As soon as possible, the Clients must provide to the Receiver the necessary information on legal expenses incurred so that the Receiver can compute the final distribution allocations.

IT IS SO ORDERED.

Dated this     4th     day of February, 2008.

     /s/ Garr M. King     
Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER